Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO Y POPULAR AUTO, LLC<br><br>Apeladas<br><br>v.<br><br>ESTADO LIRE ASOCIADO DE PUERTO RICO POR CONDUCTO DEL HONORABLE DOMINGO EMANUELLI HERNÁNDEZ Y OTROS<br><br>Apelantes | KLAN202500105 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2024CV00650<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de marzo de 2025.

Comparece el Estado Libre Asociado de Puerto Rico (en adelante, ELA y/o parte apelante) mediante un recurso de *Apelación*, para solicitarnos la revisión de la *Sentencia* emitida el 18 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas.[1] La referida *Sentencia* fue notificada en dos ocasiones, la *primera* el 21 de octubre de 2024,[2] y la *segunda* el 31 del mismo mes y año.[3] Mediante la *Sentencia* apelada, el foro primario dictó sentencia sumaria a favor de Popular Auto, LLC (en adelante, Popular Auto y/o parte apelada). A tenor, declaró nula la confiscación, incautación y ocupación efectuada por el ELA sobre el

---

[1] Anejo IX del recurso, a las págs. 102-114.
[2] *Íd.* Puntualizamos que el volante de notificación de la aludida *Sentencia* está identificado como *Orden.* Sin embargo, del contenido, se desprende que es una *Sentencia* firmada electrónicamente el 18 de octubre de 2024.
[3] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), a las Entradas 31 y 33. Precisa señalar que las referidas entradas contienen el mismo documento, es decir la *Sentencia.* No obstante, la *Sentencia* de la Entrada 31 contiene las iniciales de la jueza en todas las páginas del documento y su firma en la primera.

Número Identificador

SEN2025_____

vehículo objeto de este caso y ordenó su devolución, así como la cancelación de la fianza consignada.

Por los fundamentos que expondremos, se *confirma* la *Sentencia* apelada.

**I**

El día, 11 de enero de 2024, la Policía de Puerto Rico ocupó un vehículo de motor, marca Mitsubishi modelo Mirage G4 LE con tablilla KCK-995, registrado a favor del señor Luis Yadiel González Oquendo. La antedicha confiscación ocurrió mientras el señor Cristian Luis Santos Rivera se encontraba conduciendo el vehículo, por la violación a los Artículos 401 y 412 de la Ley de Sustancias Controladas de Puerto Rico.[4] El referido vehículo se encontraba gravado a favor de Popular Auto, como resultado de la inscripción de un contrato de venta condicional a plazos. En virtud del cual, el titular tenía un balance pendiente de pago por la suma de veintidós mil trescientos veintiséis con sesenta y siete centavos ($22,326.67).[5] Por otra parte, el vehículo se encontraba asegurado por la Cooperativa de Seguros Múltiples de Puerto Rico (en adelante, Cooperativa de Seguros Múltiples).[6]

En consecuencia, el 26 de febrero de 2024, la parte apelada, junto a la Cooperativa de Seguros Múltiples, presentó una *Demanda* sobre impugnación de confiscación, para recobrar la posesión del vehículo de motor.[7] De igual forma, incluyó como partes demandadas al ELA y al Negociado de la Policía de Puerto Rico. También, por desconocer los nombres, identificó a terceros demandados como Fulano de Tal, Sutano de Tal y Compañía ABC.[8] Alegó que la confiscación del vehículo de motor en cuestión era nula, ineficaz e ilegal.

---

[4] Ley Núm. 4 de 23 de junio de 1971, 24 LPRA sec. 2401 y 2412.
[5] Anejo VI del recurso, a la pág. 49.
[6] Anejo I del recurso, a las págs. 3-9.
[7] *Íd.*, a las págs. 1-26.
[8] Enfatizamos que, los demandados Fulano de tal, Sutano de tal y compañía ABC al día de hoy no han comparecido.

En el escrito, arguyó que la parte apelante no cumplió con los requisitos procesales que surgen de la *Ley Uniforme de Confiscaciones*, Ley Núm. 119-2011*,* (en adelante, Ley de Confiscaciones).[9] Esto, debido a que no notificó a todas las partes con interés en el vehículo confiscado, dentro del periodo establecido para ello. Añadió que, tanto Popular Auto como la Cooperativa de Seguros Múltiples, cualificaban para ser considerados terceros inocentes, a la luz de los hechos delictivos que motivaron la confiscación. Así, pues, peticionó que se declarara la nulidad e invalidez de la confiscación del vehículo. Por otra parte, solicitó que ordenara el pago de costas, gastos y honorarios de abogados a su favor. Posteriormente, el 12 de marzo de 2024, la parte apelada consignó una fianza por la cantidad de diecinueve mil dólares ($19,000.00), correspondiente al valor adjudicado por el ELA en el proceso de tasación del vehículo.[10]

En reacción, el 1 de abril de 2024, la parte apelante presentó su *Contestación a Demanda.*[11] En esencia, alegó que la confiscación fue realizada conforme a la autoridad que al Estado le confiere la Ley de Confiscaciones.[12] Además, arguyó que la confiscación fue ejecutada en el ejercicio de un deber ministerial. Por otro lado, enfatizó que las partes apeladas no son terceros inocentes, debido a que esa figura solo aplica a aquellos casos en que un vehículo ha sido robado o apropiado ilegalmente.

Así las cosas, según se desprende de los autos, el 17 de junio de 2024, se celebró la vista de legitimación activa.[13] Entre otras cosas, en la referida vista, la parte apelada desistió voluntariamente sin perjuicio de su causa de acción contra la Cooperativa de Seguros Múltiples de Puerto Rico. Ello, debido a que, de la documentación

---

[9] Ley Núm. 119, 34 LPRA sec. 1724 *et. seq.*
[10] Anejo VI del recurso, a la pág. 47.
[11] Anejo II del recurso, a las págs. 27-39.
[12] Ley Núm. 119, *supra.*
[13] Anejo III del recurso, a las págs. 40-41.

presentada, surgió que no existía un derecho por parte de la Cooperativa de Seguros Múltiples.

Celebrada la vista, mediante *Resolución y orden,* emitida el 17 de junio de 2024, y notificada el 20 del mismo mes y año, el tribunal *a quo* reconoció legitimación activa a Popular Auto y señaló la conferencia con antelación a juicio.[14] Ese mismo día, el tribunal de instancia emitió una S*entencia Parcial,* en la cual decretó el desistimiento voluntario sin perjuicio contra la Cooperativa de Seguros Múltiples de Puerto Rico.[15]

De lo que sigue, el 26 de agosto de 2024, Popular Auto instó una *Moción en solicitud de sentencia sumaria.*[16] Mediante la referida solicitud, señaló que el único asunto litigioso que restaba por determinar era si a Popular Auto le aplicaba la figura de tercero inocente y, de proceder, que se declarara ha lugar la demanda incoada.[17] Por tanto, arguyó que, no habiendo hechos en controversia, procedía la resolución del reclamo por la vía sumaria.

Subsiguientemente, el 3 de septiembre de 2024, Popular Auto presentó una M*oción en cumplimiento de orden y suplementando documento para la solicitud de sentencia sumaria.*[18] Expresó que, en cumplimiento con la *Orden* del foro primario, incluyó la totalidad de la declaración jurada en respuesta a un error en la entrada anterior del documento.

De otro lado, en respuesta a la solicitud de sentencia sumaria, el 11 de septiembre de 2024, el ELA presentó su *Oposición a Moción*

---

[14] Anejo IV del recurso, a la pág. 43.

[15] Anejo V del recurso, a la pág. 45.

[16] Anejo VI del recurso, a las págs. 46-83. Junto a la solicitud de sentencia sumaria, la parte apelada presentó los siguientes documentos: (i) Anejo A: Declaración Jurada del día 26 de agosto de 2024, otorgada por la Sra. Yelena González Sierra; (ii) Anejo 1: Carta dirigida a Popular Auto LLC sobre la Notificación de la Confiscación del referido vehículo con fecha de recibo del 12 de febrero de 2024; (iii) Anejo 2: Certificación del Departamento de Transportación y Obras Públicas (DTOP) sobre la titularidad del vehículo; (iv) Anejo 3: Contrato de Venta al Por Menor a Plazos, fechado el 18 de febrero de 2023; (v) Anejo 4: Certificación de Popular Auto sobre el vehículo objeto de la confiscación y (vi) Anejo 5: Documento sobre póliza de automóvil personal otorgado por la Cooperativa de Seguros Múltiples.

[17] *Íd.*

[18] Anejo VII del recurso, a las págs. 84-91.

*de Sentencia Sumaria.*[19] Dispuso que el único asunto en controversia versaba sobre si aplica la figura de tercero inocente a Popular Auto.

Evaluados los escritos de las partes, el 18 de octubre de 2024, el foro primario emitió la *Sentencia* apelada, la cual se notificó el 21 del mismo mes y año.[20] Mediante referida determinación, el foro primario dictó *Sentencia Sumaria* a favor de la parte apelada. A tenor, declaró nula la confiscación, incautación y ocupación efectuada por la parte apelante sobre el vehículo objeto de este caso y ordenó su devolución, así como la cancelación de la fianza consignada.

Como parte del dictamen emitido, el foro de instancia determinó que no estaban en controversia las siguientes diecisiete (17) determinaciones de hechos:

1. El Estado Libre Asociado de Puerto Rico, a través de la Policía de Puerto Rico, ocupó el 11 de enero de 2024, un vehículo de motor marca Mitsubishi, modelo Mirage G4 LE, del año 2023 y con tablilla KCK-995, el cual aparece registrado a nombre del Sr. Luis Yadiel González Oquendo en el Registro de Vehículos del Departamento de Transportación y Obras Públicas de Puerto Rico, según surge de notificación enviada el 6 de febrero de 2024.

2. El vehículo está registrado a nombre del Sr. Luis Yadiel González Oquendo con un gravamen registral a favor de Popular Auto, toda vez que el contrato de venta condicional a plazos fue debidamente inscrito.

3. La compra de dicho vehículo fue financiada a través de Popular Auto el 16 de marzo 2023[,] mediante el contrato número 82200138365780001 suscrito por el Sr. Luis Yadiel González Oquendo. Dicho contrato fue debidamente inscrito en el Departamento de Transportación y Obras Públicas según surge de la certificación provista. Por tanto, dicha unidad posee un gravamen registral a favor de Popular Auto. Véase Anejo A-Declaración Jurada de la Sra. Yelena González Sierra.

4. El Sr. Luis Yadiel González Oquendo tiene un balance pendiente de pago por motivo del contrato de venta al por menor a plazos de la unidad previamente identificada[,] el cual asciende al monto de $22,326.67 al 13 de febrero de 2024. Véase Anejo A-Declaración Jurada de la Sra. Yelena González Sierra.

---

[19] Anejo VIII del recurso, a las págs. 92-101. Junto a la *Oposición a la Moción de Sentencia Sumaria*, la parte apelante incluyó: (i). Orden de Confiscación.
[20] Anejo IX del recurso, a las págs. 102-114.

5. El contrato de venta al por menor a plazos dispone en la página 1 y en la sección sobre "información sobre el seguro de propiedad", que "esta transacción exige como condición indispensable el que usted mantenga, a su costo, un seguro sobre la propiedad, para proteger, por lo menos, el interés del vendedor contra perdida, daño, confiscación o destrucción del vehículo, durante la vigencia del contrato, en la forma y cantidades que el vendedor le requiera".

6. A su vez, en la misma página y en la sección de términos del contrato, se dispone que: "Este contrato de venta al por menor a plazos está sujeto, además, a las cláusulas y condiciones y anejos que aparecen al dorso de este, y las cuales el comprador, luego de habérselas leído, asegura que son de su conocimiento y aceptación y reconoce que forman parte integral de este contrato. Usted está advertido que el acreedor vendedor tendrá derecho a la posesión de la propiedad gravada luego de un evento de incumplimiento sin incoar procedimiento judicial".

7. De otro lado, página 2, sección (C) señala: "usted se obliga a conservar el vehículo en perfecta condición, con la excepción del desgaste natural y a cumplir con todas las leyes, reglamentos u órdenes de cuerpos gubernamentales que sean aplicables al vehículo o a su uso". En esa misma página, la sección (D) establece que "usted le notificará inmediatamente al vendedor en caso de cualquier pérdida o daño del vehículo. Usted reconoce que usted no quedará relevado de las obligaciones asumidas bajo este contrato por la avería, pérdida, daño o destrucción del vehículo". La sección (F) señala que "usted se obliga a no ceder su interés en este contrato ni en el vehículo, ni a traspasar la posesión del vehículo, excepto con el consentimiento escrito del vendedor, ni obtener licencia de vehículo público para el vehículo, ni usarlo como tal sin el previo consentimiento del vendedor".

8. El endoso de confiscación de la póliza de seguros número PAP5650266, emitida para proteger el vehículo en cuestión, es en beneficio única y exclusivamente del acreedor condicional que a la fecha de la ocupación del vehículo tenía un gravamen mobiliario registrado a su favor, siendo en el presente caso Popular Auto.

9. Al momento de la ocupación, el vehículo confiscado pertenecía al Sr. Luis Yadiel González Oquendo, deudor del préstamo otorgado por Popular Auto, y estaba siendo conducido por el Sr. Cristian Luis Santos Rivera.

10. El imputado de delito, Crist[ian] no obtuvo la posesión del vehículo marca Mitsubishi, modelo Mirage G4 LE, del año 2023 y con tablilla KCK-995 de manera voluntaria por parte de Popular Auto y/o del dueño registral.

11. Popular Auto no consintió de forma alguna a la entrega de la posesión del vehículo marca Mitsubishi, modelo Mirage G4 LE, del año 2023 y con tablilla KCK-995, a la persona que incurrió en conducta criminal.

12. Popular Auto no consintió de forma alguna ni presentó su anuencia para que el vehículo marca Mitsubishi, modelo Mirage G4 LE, del año 2023 y con tablilla KCK-995 fuera utilizado en contravención a las leyes del Estado Libre Asociado de Puerto Rico, particularmente la legislación de

índole penal por el dueño registral ni cualquier otra persona.

13. Popular Auto no colocó en posesión del vehículo motor marca Mitsubishi, modelo Mirage G4 LE, del año 2023 y con tablilla KCK-995 a ninguna otra persona que no sea el dueño registral.

14. Popular Auto tomó medidas cautelares expresas para evitar el uso ilegal del referido vehículo de motor con el propósito de precaver el uso ilegal de la propiedad, entiéndase[,] la comisión de un delito. En particular, el contrato de venta al por menor a plazos en la sección (C) señala que el dueño del vehículo se obliga "a cumplir con todas las leyes, reglamentos u órdenes de cuerpos gubernamentales que sean aplicables al Vehículo o a su uso". Popular Auto implementó medidas para prevenir la actividad delictiva y el/la infractor(a) actuó de manera contraria apartándose de las instrucciones del acreedor quien es un tercero inocente con interés financiero y económico.

15. El dueño registral y/o la persona imputada de delito se apartó sustancialmente de las medidas cautelares y de las instrucciones particulares expresadas por Popular Auto en el contrato de venta al por menor a plazos, por tanto, Popular Auto se considera un Tercero Inocente protegido contra la confiscación, según se ha reconocido jurisprudencialmente.

16. Los actos de violación de ley que se alegan fueron cometidos sin la autorización, expresa o implícita, de Popular Auto, quien no tuvo conocimiento de ello hasta tanto recibió la notificación de la confiscación de parte del Estado.

17. La parte demandante de epígrafe tienen un interés propietario en el vehículo antes descrito y estaba y está ajeno a cualquier acto delictivo que haya dado lugar a la confiscación del vehículo en cuestión. [21]

En vista de lo anterior, el tribunal *a quo* concluyó que la parte apelada cumplió con los requisitos de la doctrina de tercero inocente. Expuso que la parte apelada:

> [D]emostró que no puso el vehículo voluntariamente en posesión de Cristian[. . .]Luis Santos Rivera, la persona que incurrió en la conducta criminal que se imputa y por la cual se confiscó la propiedad y, además, tomó las medidas cautelares al incorporar al contrato de arrendamiento la exigencia de usos permitidos y precisó en la sección (C) que el dueño del vehículo se obliga "a cumplir con todas las leyes, reglamentos u órdenes de cuerpos gubernamentales que sean aplicables al Vehículo o a su uso".[22]

Insatisfecho con lo resuelto, el 6 de noviembre de 2025, la parte apelante presentó una *Reconsideración*.[23] Alegó que, debido a

---

[21] Anejo IX del recurso, a las págs. 103-106.
[22] *Íd.*, a la pág. 114.
[23] Anejo X del recurso, a las págs. 115-125.

que existía una controversia sustancial entre los hechos relevantes del caso, no procedía que se dictara *Sentencia* bajo la vía sumaria. Además, adujo que existía un asunto de credibilidad con relación a la declaración jurada sometida por la parte apelada. Por tanto, correspondía al Tribunal dilucidar la controversia sobre la credibilidad de la prueba sometida mediante una vista evidenciaría. Del mismo modo, la parte apelante arguyó que:

> [L]a ampliación de la doctrina de tercero inocente a favor de todo acreedor condicional ante el incumplimiento de un contrato de financiamiento por parte del dueño del vehículo tendría un efecto devastador a la figura de Confiscación de Puerto Rico y crearía una excepción que se tragaría la regla general, resultando en una figura inoperante.[24]

A su vez, afirmó que la decisión del foro primario se apartaba sustancialmente de la jurisprudencia establecida por el Tribunal Supremo, referente al mecanismo de sentencia sumaria.

Por su parte, el 18 de noviembre de 2024, Popular Auto presentó su *Oposición a Solicitud de Reconsideración*.[25] Así las cosas, evaluados los escritos de las partes, mediante *Resolución* emitida el 3 de diciembre de 2024, y notificada el 10 del mismo mes y año, el tribunal de instancia denegó la solicitud de reconsideración.

En desacuerdo aún, el 10 de febrero de 2025, la parte apelante instó un recurso de *Apelación* en el cual esbozó la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al declarar "Ha Lugar" la *Demanda* de Popular Auto mediante *Sentencia Sumaria*, a pesar de que ello era improcedente conforme a derecho, pues Popular Auto no demostró ser tercero inocente de los hechos que propiciaron la confiscación impugnada.[26]

Por su parte, el 4 de marzo de 2025, compareció la parte apelada mediante *Alegato en Oposición a Apelación*. Con el beneficio de la comparecencia de las partes, procederemos a disponer del presente recurso.

---

[24] Anejo X del recurso, a las págs. 115-125.
[25] Anejo XI del recurso, a las págs. 126-147.
[26] Véase, Alegato de la parte apelante, a la pág. 6.

## II

### A. Apelación Civil

La Regla 52.2 (a) de Procedimiento Civil,[27] dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días, desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[28] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[29]

Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.
> […].[30]

No obstante, el término de treinta (30) días, para acudir en alzada, puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[31] En tal caso, el curso del término para apelar comienza a partir del archivo en autos de la copia de la notificación de la resolución que resuelve la moción.[32] Esto, a pesar de que la moción se haya declarado sin lugar.

De otra parte, precisa señalar que en grado de apelación, la tarea principal del Tribunal de Apelaciones es examinar como los tribunales inferiores aplican el derecho a los hechos particulares de cada caso, y si abusaron de su discreción.[33] El foro apelativo no debe

---

[27] 32 LPRA Ap. V, R. 52.2 (a).
[28] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000); *Arriaga v. FSE*, 145 DPR 122, 131 (1998); *Loperena Irizarry v. ELA,* 106 DPR 357, 360 (1977).
[29] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[30] 4 LPRA Ap. XXII-B, R. 13 (A).
[31] 32 LPRA Ap. V, R. 47.
[32] *Íd.*
[33] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 707 (2013); *Sierra, Secretario del Trabajo v. Tribunal Superior*, 81 DPR 554, 572 (1958).

pretender administrar ni manejar el trámite regular de los casos ante el foro primario.[34] Así, pues, si las determinaciones del tribunal no están desprovistas de base razonable ni perjudican los derechos de una parte, debe prevalecer el criterio del juez de instancia.[35] Por ello, se ha establecido que los foros apelativos no deben intervenir con las facultades discrecionales del tribunal de instancia, a menos que se demuestre que: (i) actuó con perjuicio o parcialidad; (ii) abusó de su discreción, o (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o derecho sustantivo. Igualmente, se permite intervenir para evitar un perjuicio sustancial.[36]

## B. Sentencia Sumaria

El mecanismo procesal de sentencia sumaria es un remedio discrecional extraordinario que, únicamente, se concederá cuando la evidencia que se presente con la moción establezca con claridad la existencia de un derecho.[37] El propósito este mecanismo procesal es facilitar la solución justa, rápida y económica de los litigios civiles que no presenten controversias genuinas de hechos materiales, razón por la cual no ameritan la celebración de un juicio en su fondo.[38] A esos efectos, "solamente debe ser dictada una sentencia sumaria en casos claros, cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes".[39] Es decir, para que proceda dictar sentencia por la vía sumaria, es imprescindible que, de los documentos que acompañan la solicitud o que obran en el expediente del tribunal, no surja controversia legítima sobre hechos materiales del caso y que, por ende, sólo reste aplicar el derecho.[40] Ahora bien, a los fines de considerar la moción, para que se dicte

---

[34] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013).

[35] *Sierra, Secretario del Trabajo v. Tribunal Superior,* supra*,* a la pág. 572.

[36] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 210 (2023).

[37] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911 (1994).

[38] *García Rivera et al. v. Enríquez*, 153 DPR 323, 337 (2001); *Pilot Life Ins. Co. v. Crespo Martínez*, 136 DPR 624, 632 (1994).

[39] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, supra, a las págs. 911-912, citando a *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 721 (1986) (Cita depurada); *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 279 (1990).

[40] *Nissen Holland v. Genthaller*, 172 DPR 503, 511 (2007).

sentencia sumariamente, se tendrán como ciertos todos los hechos no controvertidos que consten en los documentos y declaraciones juradas ofrecidas por la parte promovente.[41] No obstante, tales documentos deben evaluarse de la forma más favorable para la parte que se opone a la moción.[42]

Particularmente, la Regla 36 de Procedimiento Civil regula todo lo concerniente a las solicitudes de sentencia sumaria. En específico, la Regla 36.2 de Procedimiento Civil dispone que:

> Una parte contra la cual se haya formulado una reclamación podrá, a partir de la fecha en que fue emplazada pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.[43]

Será necesario, además, que la parte que promueva la solicitud de sentencia sumaria, cumpla con los requisitos de forma preceptuados en la Regla 36.3 de Procedimiento Civil, a saber:

(1) una exposición breve de las alegaciones de las partes;

(2) los asuntos litigiosos o en controversia;

(3) la causa de acción sobre la cual se solicita la sentencia sumaria;

(4) una relación concisa, organizada y con párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, indicando los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

(5) las razones por las cuales se debe dictar sentencia argumentando el derecho aplicable, y

(6) el remedio que debe ser concedido.[44]

De otra parte, en cuanto a la contestación a la Sentencia Sumaria, la Regla 36.3 (b) de Procedimiento Civil dispone que esta

---

[41] *H.M.C.A. (P.R.), Inc., etc. v. Contralor*, 133 DPR 945, 957 (1993).
[42] *Íd.*
[43] 32 LPRA Ap. V, R. 36.2.
[44] *Íd.,* R. 36.3.

deberá ser presentada dentro del término de veinte (20) días, desde su notificación, y deberá contener lo siguiente:

   (1) lo indicado en los subincisos (1), (2) y (3) del inciso anterior;

   (2) una relación concisa y organizada, con una referencia a los párrafos enumerados por la parte promovente, de los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

   (3) una enumeración de los hechos que no están en controversia, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;

   (4) las razones por las cuales no debe ser dictada la sentencia, argumentando el derecho aplicable.[45]

Cumplidos los requisitos establecidos para la solicitud de sentencia sumaria y su correspondiente oposición, el inciso (e) de la Regla 36.3 de Procedimiento Civil establece que:

> La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente.[46]

No obstante, lo anterior, el solo hecho de no presentar evidencia que controvierta la presentada por la parte promovente no implica que necesariamente proceda la sentencia sumaria.[47] Conforme a lo resuelto el Tribunal Supremo, las partes no puede descansar en las aseveraciones generales, es decir, meras afirmaciones no bastan, sino que, a tenor con la Regla 36.5 de

---

[45] 32 LPRA Ap. V, R. 36.3 (b).

[46] *Íd.*, R. 36.3 (e); *García Rivera et al. v. Enríquez,* supra, a la pág. 338; *Roldán Flores v. M. Cuebas,* 199 DPR 664, 676 (2018); *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 225 (2015).

[47] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, supra, a la pág. 913; *García Rivera et al. v. Enríquez*, supra, a la pág. 338; *Consejo Tit. C. Parkside v. MGIC Fin. Corp.*, 128 DPR 538, 549 (1991); *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 281 (1990).

Procedimiento Civil,[48] estarán obligadas a demostrar que tienen evidencia para sustanciar sus alegaciones.[49] Además, como regla general, para derrotar una solicitud de sentencia sumaria, la parte opositora deberá presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente.[50]

Es menester subrayar que nuestro Tribunal Supremo ha indicado que el mecanismo de sentencia sumaria no es el apropiado para resolver casos en los cuales hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial.[51] De la misma manera, también ha razonado que "hay litigios y controversias que por la naturaleza de estos no hacen deseable o aconsejable el resolverlos mediante una sentencia sumariamente dictada, porque difícilmente en tales casos el Tribunal puede reunir ante sí toda la verdad de los hechos a través de 'affidavits' o deposiciones".[52]

Por otra parte, en cuanto al proceso de revisión de las sentencias sumarias, nuestro Alto Foro ha sido enfático en que el Tribunal de Apelaciones debe: (i) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil[53] y la jurisprudencia le exigen al foro primario; (ii) revisar que, tanto la moción de sentencia sumaria como su oposición, cumplan con los requisitos de forma codificados en la referida Regla 36; (iii) revisar si, en realidad, existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de

---

[48] 32 LPRA Ap. V, R. 36.5.
[49] *Flores v. Municipio de Caguas*, 114 DPR 521, 525 (1983); *Ramos Pérez v. Univisión*, 178 DPR 200, 215-216 (2010).
[50] *Ramos Pérez v. Univisión*, 178 DPR 200, 215 (2010); *Roldán Flores v. M. Cuebas*, supra, a la pág. 677.
[51] *Elías y otros v. Chenet y otros,* 147 DPR 507, 521 (1999); *Soto v. Hotel Caribe Hilton,* 137 DPR 294, 301 (1994); *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 663 (2017).
[52] *Elías y otros v. Chenet y otros,* supra, a la pág. 521, citando a *García López v. Méndez García*, 88 DPR 363, 380 (1963).
[53] 32 LPRA Ap. V, R. 36.

Procedimiento Civil,[54] de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; y, por último, de encontrar que los hechos materiales realmente están incontrovertidos, (iv) debe proceder a revisar *de novo* si el juzgador de instancia aplicó correctamente el derecho a la controversia.[55]

Ahora bien, la sentencia sumaria no procederá en las instancias que: (i) existan hechos materiales y esenciales controvertidos; (ii) haya alegaciones afirmativas en la demanda que no han sido refutadas; (iii) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (iv) como cuestión de derecho, no proceda.[56] Además, al revisar la determinación del foro primario, respecto a una sentencia sumaria, estamos limitados de dos (2) maneras. *Primero*, solo podemos considerar los documentos que se presentaron ante el foro de primera instancia. Es decir, "las partes no pueden añadir en apelación exhibits, deposiciones o affidávits que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo".[57] *Segundo*, solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta.[58] Entiéndase, que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, ya que dicha tarea le corresponde al foro de primera instancia.[59]

---

[54] 32 LPRA Ap. V, R. 36.4.

[55] *Roldán Flores v. M. Cuebas, et al.*, supra*, 679; *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118-119 (2015).

[56] *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 335-336 (2021).

[57] *Meléndez González et al. v. M. Cuebas*, supra, a la pág. 114. (Cita depurada).

[58] *Íd.*

[59] *Íd.*; *Vera v. Dr. Bravo*, 161 DPR 308, 335 (2004).

**C. Ley de Confiscaciones**

La Ley de Confiscaciones, "le confirió autoridad a ciertas instrumentalidades del Estado Libre Asociado para confiscar bienes que son utilizados con fines ilícitos".[60] Asimismo, la referida Ley tiene como propósito "establecer las normas que regirán el procedimiento a seguir en toda confiscación".[61] También, en virtud de la Ley de Confiscaciones, el Estado está facultado a ocupar "toda propiedad que resulte, sea producto o se utilice, durante la comisión de delitos graves y de aquellos delitos menos graves en los que por ley se autorice la confiscación, cuando tales delitos graves y menos graves se encuentren tipificados [. . .]".[62]

Con relación a la presunción que acobija a los procedimientos de confiscación, el Artículo 15 de la Ley de Confiscaciones dispone que "se presumirá la legalidad y corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento relacionado a los mismos hechos".[63] Por tal razón, "[e]l demandante tiene el peso de la prueba para derrotar la legalidad de la confiscación".[64]

Por otro lado, el Tribunal Supremo ha puntualizado que "[p]resentada la contestación a la demanda, el Tribunal ordenará una vista sobre legitimación activa para establecer si el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación. De no cumplir con este requisito, el Tribunal ordenará la desestimación inmediata del pleito".[65]

En cuanto a la notificación de la confiscación, el Artículo 13 de la Ley de Confiscaciones, dispone:

---

[60] Exposición de Motivos, Ley Núm. 119, *supra*.
[61] *Íd.*
[62] Ley Núm. 119, *supra*, Art. 9, 34 LPRA sec. 1724f.
[63] *Íd.*, Art. 15, 34 LPRA sec. 1724l.
[64] *Íd.*
[65] Ley Núm. 119, *supra*, Art. 15, 34 LPRA sec. 1724l; *Mapfre v. E.L.A, 1*88 DPR 517, 532 (2013).

> El Director Administrativo de la Junta notificará la confiscación y la tasación de la propiedad confiscada a las siguientes personas:
>
> a) a la persona que tuviere la posesión física del bien al momento de la ocupación;
>
> b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien;
>
> c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito;
>
> d) en los casos de bienes inmuebles se notificará, además, al dueño, según consta en el Registro de la Propiedad del municipio donde ubica el bien y a la institución hipotecaria que a la fecha de la ocupación aparezca en dicho Registro como acreedor hipotecario del bien.[66]

De otra parte, "[t]oda confiscación se notificará por correo certificado dentro de un término jurisdiccional de treinta (30) días, siguientes a la fecha de la ocupación física de los bienes".[67] Sobre este particular, el Tribunal Supremo dispuso que el requisito de notificación es indispensable para que, quien interese recobrar el bien ocupado, pueda acudir al foro competente y presentar sus defensas en cuanto a la confiscación efectuada por el ELA. [68] A esos efectos, las personas notificadas y que demuestren ser dueños de la propiedad:

> [P]odrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico, y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda.[69]

Por otro lado, puntualizamos que, en los casos en los cuales una parte con interés impugne la confiscación, se deberá cumplir con el requisito de tasación. En lo específico, el Artículo 17, expone:

> En caso de impugnación judicial de la confiscación, el demandante tendrá treinta (30) días contados a partir de la radicación de la demanda para presentar una moción solicitando vista para impugnar la tasación. El Tribunal, previa audiencia de las partes, determinará la razonabilidad

---

[66] Ley Núm. 119, *supra*, Art. 13, *3*4 LPRA sec. 1724j.
[67] *Íd.*
[68] *Rosemarie Flores Pérez v. ELA*, 195 DPR 137, 147 (2016).
[69] Ley Núm. 119, *supra*, Art. 15, *3*4 LPRA sec. 1724l.

de la tasación como un incidente del pleito de impugnación. La determinación que recaiga sobre dicha impugnación, sólo podrá ser revisada mediante el recurso de certiorari ante el Tribunal de Apelaciones, limitado a cuestiones de derecho. Transcurrido el término de treinta (30) días sin que se haya solicitado vista, se tendrá por renunciado el derecho a impugnar la tasación.[70]

En lo pertinente al caso de marras, es menester destacar que, "[l]a jurisprudencia ha desarrollado normas para proteger los derechos de aquellos que tienen un interés económico o propietario en el vehículo confiscado, y no han estado directamente involucrados en la actividad criminal que motiva la confiscación".[71] A estas personas se les conoce como **terceros inocentes**.

Es menester destacar que, Nuestro Alto Foro ha señalado que podrán ser considerados terceros inocentes, "[t]anto los derechos del dueño del vehículo como los **intereses económicos de una entidad financiera y su aseguradora** bajo un contrato de venta condicional [. . .]". Ello, siempre y cuando se cumpla con establecer los elementos que acreditan la aludida condición".[72]

Ahora bien, la protección de la doctrina de terceros inocentes únicamente se extiende, "al propietario o al tenedor de interés legal o económico en el vehículo **en aquellas situaciones en que éstos no han puesto el vehículo en posesión del infractor voluntariamente**, o **cuando se han tomado medidas cautelares expresas para precaver el uso ilegal de la propiedad** en la comisión del delito".[73] Además, se ha establecido que "[e]l carácter de tercero inocente depende de la naturaleza de la posesión o uso del vehículo por el infractor".[74] Así, pues, se ha enfatizado que:

> Si éste no obtuvo la posesión de manera voluntaria o si se apartó sustancialmente de las medidas cautelares o las instrucciones particulares expresadas de quien entregó dicha posesión o uso, entonces es que tanto el dueño como el vendedor condicional o cualquier otro con interés en éste son terceros inocentes protegidos contra la confiscación.[75]

---

[70] Ley Núm. 119, *supra,* Art. 17, 34 LPRA sec. 1724n.
[71] *First Bank, Univ. Ins. Co. v. E.L.A.*, 156 DPR 77, 83 (2002).
[72] *Íd.,* a la pág. 83. (Énfasis nuestro).
[73] *Íd.* (Énfasis nuestro).
[74] *First Bank, Univ. Ins. Co. v. E.L.A.*, supra, a la pág. 84.
[75] *Íd.*

Finalmente, precisa señalar que el Tribunal Supremo ha establecido que es improcedente la confiscación de un vehículo en casos en los cuales a la parte le cobije la defensa de tercero inocente.[76] Asimismo, ha puntualizado que procede la impugnación de confiscación en casos donde la parte sea considerada como tercero inocente.[77]

III

En el recurso de *Apelación* ante nuestra consideración, la parte apelante esbozó un (1) error que juzga cometió el foro primario. En síntesis, sostiene que la primera instancia judicial incidió al conceder el remedio solicitado por Popular Auto, y, en consecuencia, dictar *Sentencia Sumaria*, mediante la cual declaró nula la confiscación, incautación y ocupación efectuada por el ELA.

Notamos que, el ELA, en su recurso de apelación, nos invita a concluir que el foro primario incidió, tras dictar *Sentencia Sumaria*, bajo el fundamento de que no era el mecanismo adecuado para dilucidar la controversia. Además, que el tribunal de instancia erró al concluir que la parte apelada cumplió con los requisitos de tercero inocente. Puntualizamos que nuestro más alto foro ha razonado que "[…] corolario básico del Derecho apelativo es que la apelación o revisión se da contra la sentencia o decisión apelada; es decir, contra el resultado y no contra sus fundamentos".[78] Es por ello que, adelantamos que no le asiste razón a la parte apelante.

Según hemos expuesto, el mecanismo de sentencia sumaria se encuentra regulado en la Regla 36 de las Reglas de Procedimiento Civil.[79] Sabido es que, la revisión por este tribunal intermedio de la determinación de un foro primario, en cuanto a una moción de

---

[76] *Flores Pérez v. Estado Libre Asociado de Puerto Rico*, 195 DPR 137, 156 (2016).
[77] *Íd.*
[78] *Pueblo de Puerto Rico v. José Pérez Rodríguez*, 159 DPR 554, 566 (2003); *Díaz Martínez v. Policía de Puerto Rico*, 134 DPR 144, 157 (1993); *Raquel Álvarez Figueredo v. Sebastián González Lamela*, 134 DPR 374, 380 (1993); *Asociación de Pescadores de Punta Figueras, Inc. et al. v. Marina de Puerto del Rey, Inc. et al.*, 155 DPR 906, 920 (2001).
[79] 32 LPRA Ap. V, R. 36.

sentencia sumaria y su correspondiente oposición, acontece *de novo*. Siendo así, como cuestión de umbral, revisamos si la moción de sentencia sumaria, así como el escrito en oposición cumplen con los requisitos de forma que dispone la Regla 36.3 (a) y (b) de las Reglas de Procedimiento Civil.[80] Luego de evaluada la *Moción de Sentencia Sumaria* y la correspondiente *Oposición a Moción de Sentencia Sumaria* que nos ocupan en este caso, es la apreciación de este foro que ambos escritos cumplieron con los requisitos de la regla antes mencionada.

Cabe resaltar, que, en la *Moción de Sentencia Sumaria*, Popular Auto señaló que el único asunto litigioso en controversia iba dirigido a si a este le aplicaba la doctrina de tercero inocente, y si procedía la impugnación de la confiscación del vehículo. Para sustentar lo alegado, incluyó una declaración jurada, entre otra prueba documental que sustentaba los hechos incontrovertidos señalados. De otra parte, enfatizamos, que el ELA, en su *Oposición a la Moción de Sentencia Sumaria*, señaló el mismo asunto en controversia que Popular Auto. Sin embargo, en el cuerpo del escrito, arguyó que existían claras inconsistencias en la declaración jurada anejada a la solicitud de sentencia sumaria presentada por la parte apelante, debido a que contenía afirmaciones inadmisibles por ser prueba de referencia, y que, estas podrían ser interpretadas como falsas. Sin embargo, a pesar de sus alegaciones, no incluyó prueba para sustentar sus señalamientos.

Según adelantamos, en el expediente ante nos surge claramente, que, Popular Auto cumplió con todos los requisitos establecidos en las Reglas de Procedimiento Civil sobre el mecanismo de sentencia sumaria. Incluso, mediante prueba documental, en la cual incluyó una declaración jurada, el contrato de compraventa a plazos, la notificación de la confiscación y una

---

[80] 32 LPRA Ap. V, R. 36.3 (a) y (b).

certificación del DTOP sobre la titularidad del vehículo, colocó en posición al Tribunal para corroborar la veracidad de los hechos incontrovertidos y, en consecuencia, disponer del caso por la vía sumaria. Apuntamos que, el ELA, en su oposición, no presentó prueba documental para rebatir la presentada por Popular Auto. Igualmente, subrayamos, aunque la evidencia se debe evaluar de forma más favorable a la parte que se opone, es forzoso concluir que, el ELA no colocó en posición al Tribunal para determinar que aún existían hechos materiales en controversia. Reiteramos que, el propósito de la sentencia sumaria es facilitar la solución justa, rápida y económica de los litigios civiles que no presenten controversias genuinas de hechos materiales, razón por la cual no ameritan la celebración de un juicio en su fondo.[81] Por tanto, tras restar únicamente un asunto de estricto derecho, sobre el cuál las partes estuvieron de acuerdo, el mecanismo de sentencia sumaria era el adecuado.

De otro lado, en cuanto a los procedimientos de la Ley de Confiscación, señalamos que, según reseñamos en nuestra previa exposición doctrinal esta extiende el derecho de impugnar la confiscación a las partes notificadas y que demuestren ser dueños de la propiedad. En vista de ello, "las personas notificadas y que demuestren ser dueños de la propiedad podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico [...]".[82] A esos efectos, Popular Auto fue notificado y cónsono a la facultad que le concede la ley presentó la demanda de impugnación de confiscación.

---

[81] *García Rivera et al. v. Enríquez*, supra, a la pág. 337; *Pilot Life Ins. Co. v. Crespo Martínez*, supra, a la pág. 632.
[82] Ley Núm. 119, *supra*, Art. 15, *34* LPRA sec. 1724l.

En lo pertinente al caso de marras, es menester destacar que, conforme expusimos previamente, "[l]a jurisprudencia ha desarrollado normas para proteger los derechos de aquellos que tienen un interés económico o propietario en el vehículo confiscado, y no han estado directamente involucrados en la actividad criminal que motiva la confiscación".[83] A esa figura se le conoce como tercero inocente.

Referente a lo anterior expuesto, nuestro más alto foro ha determinado que podrán ser considerados terceros inocentes, "[t]anto los derechos del dueño del vehículo como los **intereses económicos de una entidad financiera y su aseguradora** bajo un contrato de venta condicional [. . .]".[84] Ello, a tenor, de que cumplan con los requisitos de no extender la posesión del vehículo voluntariamente, a la parte que se encontraba manejando el vehículo al momento de la confiscación, o tomar medidas cautelares expresas para precaver el uso ilegal de la propiedad.[85]

En este caso, en su solicitud de sentencia sumaria, Popular Auto en aras de probar que cumplía con los requisitos de tercero inocente, demostró que, en *primer lugar*, financió el referido vehículo mediante la presentación del contrato de ventas condicional a plazos, y, que, mantenía un gravamen a su favor, a través de la certificación de DTOP sobre la titularidad. Por tanto, es evidente que Popular Auto tenía un interés propietario en referido vehículo, y, en la salvaguarda de sus intereses económicos, estaba facultado para impugnar la confiscación de este.

En *segundo lugar*, precisa puntualizar que, Popular Auto demostró que, en el referido contrato, el cual anexó a su solicitud de sentencia sumaria, incluyó cláusulas y condiciones dirigidas a advertir la prohibición de traspasar el vehículo a un tercero sin

---

[83] *First Bank, Univ. Ins. Co. v. E.L.A.*, supra, a la pág. 83.
[84] *Íd* (énfasis nuestro).
[85] *Íd.*

previa autorización. Además, en el antedicho contrato, instruyó sobre la prohibición de utilizar el vehículo en contravención de las Leyes y Reglamentos del ELA. Por otro lado, en atención a los planteamientos de la parte apelante sobre que las cláusulas del referido contrato eran genéricas, y que, por tanto, no cumplían los requisitos de la figura de tercero inocente, no nos convence. Ello, debido a que, de la redacción de las cláusulas, se desprende con claridad las advertencias y prohibiciones establecidas por Popular Auto referente al vehículo.

Ante todo lo expuesto, y luego de un análisis exhaustivo de los autos ante nuestra consideración, nos es forzoso concluir que Popular Auto cumplió con todos los requisitos de la figura tercero inocente, por lo que colegimos que el error esgrimido por la parte apelante no se cometió. A esos efectos, procede confirmar la *Sentencia* apelada.

IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones